UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:11-CR-6-TAV-CCS-2 |
| DEWYATT HILL, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Defendant requests compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 228]. However, defendant has not alleged or demonstrated that he requested compassionate release from the warden of his facility, so he has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement. Because the exhaustion requirement is a mandatory prerequisite to the Court's consideration of the merits of his request, defendant's motion [Doc. 228] is **DENIED** without prejudice.

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018 amended § 3582(c)(1)(A) to modify one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on a motion of the Director of the Bureau of Prisons. Now, a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative

rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. § 3582(c)(1)(A). If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.*

Defendant appears to request relief under § 3582(c)(1)(A)(i), arguing that he is concerned about the COVID-19 pandemic because he is a 64-year-old male with chronic obstructive pulmonary disease and fears compounding two serious respiratory illnesses [Doc. 228]. However, defendant does not indicate that he has filed a request with the warden of his facility to bring a compassionate release motion on his behalf. Thus, it appears he has neither "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" nor waited for thirty (30) days "from the receipt of such a request by the warden of defendant's facility" before bringing the instant motion. § 3582(c)(1)(A). He therefore has not satisfied the statutory

2

Case 3:11-cr-00006-TAV-CCS Document 229 Filed 09/01/20 Page 2 of 3 PageID #: 1557

prerequisite to the Court's consideration of the merits of his request for compassionate release, *id.*, a prerequisite the Court lacks the authority to waive. *See United States v. Alam*, 960 F.3d 831, 834–36 (6th Cir. 2020). Accordingly, defendant's motion [Doc. 228] is **DENIED** without prejudice.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
